UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CASE NO. 4:24-cr-371-S |
| v. | § | |
| | § | |
| KAMAIGA GHOLAR (18) | § | |
| JAMES BATESON (48) | § | |
| KATHERINE O'BRIEN (52) | § | |

## United States' Trial Brief Regarding Admissibility of Recorded Jail Calls over Confrontation Clause and Hearsay Objections

The United States has charged Defendants Kamaiga Gholar (18), James Bateson (48), and Katherine O'Brien (52)[1] with conspiring to commit wire fraud and wire fraud. They are scheduled for a bench trial to begin on Monday, September 29, 2025. The United States has marked for use at trial several recorded jail calls between and among alleged co-conspirators in the charged conspiracies.

At the Pretrial Conference on September 22, 2025, counsel for Defendants indicated their intent to object to the recorded jail calls on Confrontation Clause and hearsay grounds. The United States files this trial brief in anticipation of the Defendants' objections, which should be overruled.

---

[1] These three defendants are charged in three separate wire fraud conspiracies and are alleged to have separate co-conspirators.

1

## Summary of Argument

The recorded jail calls are either between the respective Defendants and detained Harris County inmates with whom the United States alleges that the respective Defendants conspired to commit wire fraud, or they are between detained Harris County inmates and third-party co-conspirators.

Because the declarants at issue in the recorded jail calls consist of the respective Defendants or their alleged co-conspirators, Federal Rule of Evidence 801(d)(2) expressly excludes the statements at issue from the hearsay rule. Nor does the admission of the jail calls raise Confrontation Clause concerns, because the statements to be admitted are non-testimonial in nature.

## Argument & Authorities

The conspiracies at issue were coordinated over jail calls by necessity. Instructions were issued, updates were provided, and changes were made over telephonic means because the inmates for whom bonds were being coordinated— Nicholas Yoder, James Palladina, and Roemello Burros—had no other readily available means to receive real-time information from co-conspirators.

### *The Proffered Exhibits Do Not Contain Hearsay*

Because the jail calls consist exclusively of statements of Defendants Gholar, O'Brien, and the alleged co-conspirators of Defendants Gholar, Bateson, and O'Brien, none of the statements to be admitted constitute hearsay under the Rules of

Evidence. The statements offered by the United States are admissible under one or more of the following exclusions to hearsay:

**Statement of Opposing Party (Rule 803(d)(2)(A).** Defendant Gholar[2] and Defendant O'Brien[3] are heard on several jail calls. Their statements are not hearsay when offered against them by the United States.  To the extent the statements of others on the call are not covered by another exclusion or exception of hearsay—which the United States believes they are—these other statements would be admissible at a minimum to provide context for the Defendants' own statements. *See United States v. Robinson*, 87 F.4th 658, 673-74 (5th Cir. 2023).

**Statement of Co-Conspirator (Rule 803(d)(2)(E)).** The statements of co-conspirators are heard on several jail calls.

In the case of Defendant Gholar, co-conspirators Mary Brown, Nicholas Yoder, Javeon Fields, and Deleon Borders are heard on some of the jail calls.[4]

In the case of Defendant Bateson, co-conspirators James Palladina and Amir Khan are heard on some of the jail calls.[5]

---

[2] Government Exhibits 4, 5, 6, 7, 10.
[3] Government Exhibits 84, 85, 86, 87, 88, 106.
[4] Government Exhibits 4, 5, 6, 7, 10, 12.
[5] Government Exhibits 67, 69, 70, 71, 72.

3

In the case of Defendant O'Brien, co-conspirator Roemello Burros is heard on the jail calls.[6]

In each of the calls, the co-conspirators were making plans necessary to carry out the conspiracy. These conversations were not "idle chatter"[7] among compatriots, detailing past exploits to no real end. Instead, they were necessary links in the chain, such as one co-conspirator explaining to another that the co-signers needed fake paystubs, or that the number of co-signers was insufficient.

*The Proffered Exhibits Do Not Implicate Confrontation*

A defendant's right to confrontation under the Sixth Amendment is implicated only when the United States seeks to introduce the *testimonial* statements of a non-testifying declarant. "The Confrontation Clause does not bear on *non-testimonial* statements." *United States v. Gurrola*, 898 F.3d 524, 535 n. 17 (5th Cir. 2018) (emphasis added). It is "well-settled within [the Fifth Circuit] that co-conspirator statements are non-testimonial." *Id*.; *see also United States v. Neveux*, 2016 WL 6024529 (E.D. La. Oct. 14, 2016) ([Defendant] makes no assertion that [his co-

---

[6] Government Exhibits 84, 85, 86, 87, 88, 106.

[7] A statement must be "in furtherance" of the conspiracy to meet the requirements of Rule 803(d)(2)(E), although the element "is not to be construed too strictly lest the purpose of the exception be defeated." *See United States v. Gurrola*, 898 F.3d 524, 535 n. 17 (5th Cir. 2018) (internal quotation marks and citation omitted). "However, to pass muster, a statement must advance the ultimate objects of the conspiracy—mere idle chatter will not suffice." *Id*. (internal quotation marks and citation omitted).

conspirator] knew his statements on the jail phone calls would ultimately be used in a trial. As such, the statements on the recorded jail phone calls are non-testimonial under *Crawford*.].").

## Conclusion

The recorded jail calls that the United States seeks to introduce during the upcoming trial of Defendants Kamaiga Gholar (18), James Bateson (48), and Katherine O'Brien (52) do not raise Confrontation Clause concerns. They do not contain inadmissible hearsay under the Federal Rules of Evidence. The United States therefore respectfully requests that the Court overrule any Confrontation Clause or hearsay objections and receive those exhibits into evidence.

Respectfully Submitted,

NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas

By:   */s/ Stephanie Bauman*
Michael Day
Stephanie Bauman
Assistant United States Attorneys
1000 Louisiana, Suite 2300
Houston, Texas 77002
713-567-9000

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been delivered on counsel of record by e-mail.

*/s/ Stephanie Bauman*
Stephanie Bauman
Assistant United States Attorney