UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | |
| § | NO. 4:24-CR-00371-52 |
| KATHERINE O'BRIEN § | |

## MOTION FOR A JUDGMENT OF ACQUITTAL

TO THE HONORABLE LEE H. ROSENTHAL, UNITED STATES DISTRICT JUDGE FOR THE SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION:

The Defendant files this motion and respectfully requests that the Court enter a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29.

I.

This Motion for Judgment of Acquittal, submitted at the close of the government's evidence, is timely made. Fed. R. Crim. P. 29(a). The evidence presented is insufficient to sustain a conviction against Ms. O'Brien for three reasons: (1) the superseding indictment counts which pertain to Ms. O'Brien fail to incorporate by reference newly added paragraphs 12 through 14, which contain necessary elements to support conviction; (2) counts 45 and 46 as pled fail to state an offense; (3) the government has failed to present evidence that a pled victim was deprived of money or property; and (4) any acts committed by Ms. O'Brien were done locally in Houston, Texas and completed before the information was uploaded to the Bond Pro server.

1

*Failure to incorporate by reference paragraphs 12-14 of the Superseding Indictment*

On November 20, 2024, at Document 696, Defendant Brown filed a Motion to Dismiss which was adopted by most co-defendants including Ms. O'Brien. A hearing was ultimately set on the matter. Likely recognizing the points made by Defendant Brown had merit, the Government sought and obtained a superseding indictment on May 8, 2025, prior to a hearing on the Motion to Dismiss. The new indictment was the same as the old excepting three paragraphs: paragraphs 12 through 14. These paragraphs attempted to remedy the infirmity in the original indictment by including the following language in the new paragraphs 12 through 14:

> "12. These fraudulent financial reports were relied upon by the Government and/or the insurance agency/agent to enter into a three-party agreement known as a surety bond.
>
> 13. By entering into the surety bond rather than having to pay the full amount of the bond to the Court, the defendants incurred a financial gain.
>
> 14. Through their fraudulent representations, the defendants intended to deprive victims, such as the Government and insurance companies, such as Financial Casualty & Surety, of money and property. The fraudulent

representations made by the defendants caused a risk of harm to the insurance companies, through a greater risk that the defendants would default on their surety bonds."

While it is true that an allegation made in one count of an indictment may be incorporated by reference in another count of the indictment, see Fed. R. Crim. P. 7(c)(1), the Fifth Circuit has expressly held that any such incorporation must be expressly done.  *United States v. Knowles*, 29 F.3d 947, 952 (5th Cir. 1994) (citing *United States v. Hajecate,* 683 F.2d 894, 901 (5th Cir. 1982), *cert. denied,* 461 U.S. 927 (1983); *Davis v. United States,* 357 F.2d 438 (5th Cir.), *cert. denied,* 385 U.S. 927 (1966); *see also* 1 Charles A. Wright, Federal Practice and Procedure: Criminal § 123 at 349 (1982) ("[E]ach count is considered as if it were a separate indictment and must be sufficient without reference to other counts unless they are expressly incorporated by reference.") (footnotes omitted).  In the *Knowles* case, the Court held that because Count Two did not expressly refer to the interstate commerce nexus alleged in Count One, Count Two was defective.  *Id*.

The superseding indictment fails to incorporate by reference any other paragraphs for Count 45 (Conspiracy to Commit Wire Fraud alleged against Ms. O'Brien) and fails to incorporate by reference any paragraphs past paragraph 11 for Count 46 (Wire Fraud alleged against Ms. O'Brien).  Paragraphs 12 through 14 of the superseding indictment as reprinted above outline, if proven, necessary elements

of wire fraud including that fraudulent financial reports were relied upon by the government and/or the insurance agency, that the defendants incurred a financial gain and that defendants intended deprive the government and insurance company of money or property.

Efforts by the government to adduce evidence related to paragraphs 12 through 14 would not support conviction even if this Court found that the government had successfully done so, because, by failing to incorporate these paragraphs as to Ms. O'Brien's counts makes such evidence irrelevant for consideration to support a conviction. *Knowles Id*.

### *No victim and no intended harm to money or property*

Ms. O'Brien previously filed a Motion to Dismiss on May 21, 2025. (Document #1054). Ms. O'Brien hereby reurges all the arguments made in that motion. This Court's Order, issued June 17, 2025 at Document 1104 points out that, at that juncture, the government had met its *pleading burden* with regard to the issues raised in the motion to dismiss. A pleading burden requires that the indictment state an offense. *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2021). Now that the government has presented its evidence in this case, this Court can answer the questions it could not at the hearing stage on the Motion to Dismiss. In Footnote 2 of the Court's Order on the Motion, this Court points out that resolution of issues related to the government's allegations concerning some ability of the government

4

to specify that a criminal defendant post only a cash bond or only a surety bond could not be resolved at the stage the Motion to Dismiss was considered by the Court. Now this Court has heard the best evidence the government could muster concerning the cash bond versus surety bond option as well as issues related to the bonding process at issue. The Government's first witness, David Kern, has now solidified the facts undergirding the issues in the Motion to Dismiss, and they do not support what the government has alleged in the indictment. This Court points out in the Order denying the Motion to Dismiss on page three of the Order that the government has alleged that the "defendants made money by saving money", that the government has alleged that false information enabled "defendants to obtain the bonds at a lower price than they would have had to pay if they submitted accurate information", that "defendants intended to deprive the government of the value of what would have been the higher bond amounts paid"; and that "lower bond amounts reduced the risk of loss if forfeiture occurred". This Court further points out in the Order that the government alleged in the indictment that any deceit was in part to "lower the amounts the defendants had to pay for the bonds, thereby decreasing the amounts the government received and increasing the insurance company's risk of default." Risk of default is not money or property as required by the wire fraud statute, and in any event the amount of money paid on a bond does not impact the risk of default. Further, the government has failed to prove that bonds are either money or property.

Surety Bonds are governed in part by Texas Occupations Code § 1704 and related definitions can be found in 28 Tex. Admin. Code § 252.101. In neither the Texas Administrative Code nor the Texas Occupations Code is there any definition related to bonds that would make any of the governments alleged objects of fraud, including bail bonds, to be money or property. Further, as Kern testified, the industry standard for bonding companies is 10%, which is exactly the premium in this case. Kern further testified that cash bonds, an alternative to surety bonds, are not property of the government, simply held and returned to the person allowing the government to hold the money and make no gain or profit. Even if the government had incorporated paragraphs 12 -14 in Ms. O'Brien's counts, which they did not, there was no victim in this case. During trial, we heard no evidence whatsoever that any person, company, or entity suffered or was intended to suffer any sort of loss (monetary or otherwise) as a result of the conduct by Ms. O'Brien. "An essential element of wire fraud is the intent to 'deprive *another* of money or property.'" *See United States v. Baker*, 923 F.3d 390, 402–03 (5th Cir. 2019) (approving jury instruction with that language) (emphasis added) (Document 696. The counts against Ms. O'Brien fail to allege any intent to deprive anyone of money or property, and it thereby failed to state an offense. There was also no evidence presented at trial that any loss was incurred or that there was any intent to defraud some person or entity out of money or property, so no offense was proven at trial. Ms. O'Brien reurges the

arguments made in the Motion to Dismiss and subsequent related filings now that this Court has the adduced evidence at its disposal.

Because the evidence presented at trial does not support each necessary element of wire fraud, the evidence is insufficient to sustain a conviction against Ms. O'Brien.

***Failure to prove interstate commerce***

Counts 45 and 46 allege as required that Ms. O'Brien's acts did *cause to be transmitted in interstate commerce wire communications writings, signs, signals, and pictures in furtherance of the scheme*, including causing a wire transmission of falsified documents in support of a bail bond, in order to obtain a bail bond for Co-Defendant Roemello Burros (51), who was detained at the Harris County Jail. In violation of Title 18, United States Code, Sections 1349 and 1343." (Emphasis added).

The government failed to prove that Ms. O'Brien's attempts to assist Mr. Burros get a bond were transmitted in interstate commerce in furtherance of the alleged deceit. The evidence at trial indicated that Aable Bonding Company used Bond Pro as a server to back up their data. That server is located in Georgia. By the time the information was "backed up" to Georgia's Bond Pro server, the alleged "scheme" was over and any alleged deceit by Ms. O'Brien had long concluded. There was no evidence produced by the government that Ms. O'Brien would have

7

had had expectation that such information would be uploaded to a server or used by an insurance company. In fact. Witness Kern testified that bonds were complicated and that it was highly unlikely any cosigner or bond poster would have any knowledge of what happened after they produced bond applications or paid a bonding company. The information for Roemello Burros's bond was not uploaded to Bond Pro until June 16, 2021 and June 18, 2021. (Gov't Exs. 101-102). By then, Mr. Burros had already made bond and any acts by Ms. O'Brien were over. (Agent Hassan's Testimony). Mr. Burros signed his bond conditions on May 28, 2021. (Def. Ex. 4). The government's own demonstrative exhibit associated with Ms. O'Brien indicated that the conspiracy dates are from November 12, 2020 to June 11, 2021. (Gov't Ex. 102). Ms. O'Brien's conduct was over by the time of the upload. Plus, there was no evidence presented that this back up of data was in furtherance of the alleged scheme whatsoever.

The government might argue that they have met the interstate commerce element of this case because the Financial Casualty & Surety ("FCS") maintains offices in 33 states and is engaged in interstate commerce. But, as discussed above, this paragraph from the indictment was not incorporated by reference to the Conspiracy Count 45 against Ms. O'Brien.

WHEREFORE, PREMISES CONSIDERED, Ms. O'Brien respectfully requests that this Honorable Court grant this motion and acquit Ms. O'Brien.

Respectfully submitted,


*/s/ Nicole DeBorde Hochglaube*
NICOLE DEBORDE HOCHGLAUBE
Federal ID. No. 16839
Texas Bar No. 00787344
3515 Fannin Street
Houston, Texas 77004
Telephone: (713) 526-6300
Email: Nicole@houstoncriminaldefense.com

Attorney for Defendant,
KATHERINE O'BRIEN

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system with a notification sent to all interested parties.

                                                */s/ Nicole DeBorde Hochglaube*
                                                NICOLE DEBORDE HOCHGLAUBE

**CERTIFICATE OF CONFERENCE**

On October 2, 2025, I conferred with Assistant United States Attorney Mike Day regarding this motion, and he is opposed to the motion.

                                                */s/ Nicole DeBorde Hochglaube*
                                                NICOLE DEBORDE HOCHGLAUBE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. 4:24-CR-00371-52 |
| KATHERINE O'BRIEN | § | |

## **ORDER**

HAVING CONSIDERED the Defendant's Motion for a Judgment of Acquittal, it is hereby ORDERED that the Defendant's Motion is:

\_\_\_\_\_ GRANTED.

\_\_\_\_\_ DENIED, to which Defendant timely notes their objection.

Signed on this the _____ day of _____, 2025.

_____
HONORABLE LEE H. ROSENTHAL
UNITED STATES DISTRICT JUDGE